Case 3:10-cv-00429-HES-JRK   Document 1   Filed 05/18/10   Page 1 of 5 PageID 1

FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 MAY 18 PM 2: 41

JACKSONVILLE, FLORIDA

JOSHANON PERDEW, on his
own behalf and on behalf of those
similarly situated,

CASE NO.:

3:10-cv-429-J-20JRK

Plaintiff

vs

SOUTHEAST PERSONNEL LEASING, INC. and
PERRY ROOFING CONTRACTORS, INC.,

Defendants

_____

## COMPLAINT

Plaintiff by and through his undersigned attorney sues Defendant and alleges as follows:

1. Plaintiff, Joshanon Perdew, an employee of PERRY ROOFING CONTRACTORS, INC., a Florida corporation, leased through SOUTHEAST PERSONNEL LEASING, INC., also a Florida corporation, brings this action for unpaid regular compensation, over-time compensation, declaratory relief and such other relief under the Fair Labor Standards Act as amended 29 USC Sec. 216(b), ("the FLSA.")

2. Defendant, SOUTHEAST PERSONNEL LEASING, INC., is a leasing company designed to provided leased employees to other businesses in the state of Florida.

3. Defendant, PERRY ROOFING CONTRACTORS, INC. is a Florida corporation in the business of performing roofing services.

4.      This action is brought under the FLSA to recover from Defendants unpaid regular time, over-time compensation, liquidated damages, and reasonable attorney's fees and costs. This action is intended to include each and every local roofer who worked for the Defendant anytime within the past 3 years.

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 USC Sec. 1337 and ("the FLSA.")

6.      At all times material to this action, Defendants were an enterprise covered by the FLSA, and is defined by 29 USC Sec. 203(r) AND 302(s).

7.      At all times relevant to this action, Defendants failed to comply with 29 USC Sec. 201 through 209, because Plaintiff and those similarly situated to him, performed services for Defendants for which no provision was made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked and those hours worked in excess of 40 hours within a work week.

8.      During the employment with Defendants, Plaintiff, and those similarly situated to him, were not paid time and one half the regular rate of pay for all hours worked in excess of 40 hours per week during one or more work weeks.

9.      Upon information and belief, the records to the extent that they exist concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to him, are in the possession and control of Defendants.

### COUNT I – RECOVERY OF REGULAR COMPENSATION

10.     Plaintiff reincorporates and readopts all allegations of this Complaint in paragraphs 1 through 7 and 9 above.

12.     Plaintiff and those similarly situated to him were entitled to be paid their regular rate of pay for all hours that they worked for the employers. Since most of the work that Plaintiff and those similarly situated to him performed for employers was done away from employers primary job site, and since Plaintiff and those similarly situated to him were required to report to PERRY ROOFING CONTRACTORS, INC. warehouse site prior to embarking on the job, Plaintiff and those similarly situated to him were entitled to be compensated for all times spent preparing for the work day including loading materials onto the work truck and for times spent driving to and from the work site from PERRY ROOFING CONTRACTORS, INC. primary place of business. Said time is compensable to be compensated pursuant to the FLSA.

13.     As a result of the Defendant's intentional, willful and unlawful acts by refusing to pay Plaintiff and those similarly situated to him, Plaintiff and those similarly situated to him have suffered damages for unpaid compensation and have also had to incur reasonable attorney's fees and costs to prosecute this action. As result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated to him are entitled to liquidated damages.

14.     Plaintiff demands a trial by Jury.

WHEREFORE, Plaintiff and those similarly situated to him demands a Judgment against Defendants for the payment of all regular time, liquidated damages, attorney's fees and costs incurred in this action, and any further such relief as the Court deems just and proper.

## COUNT II

15. Plaintiff and those similarly situated to him realleges paragraphs 10 through 14 above.

16. This action is brought under FLSA to recover from Defendants, Plaintiff and those similarly situated to him, over-time compensation, liquidated damages and reasonable attorney's fees and costs.

17. Plaintiff and those similarly situated to him are entitled to be paid time and one half their regular rate of pay for each hour of work in excess of 40 hours per week. During the employment of Plaintiff and those similarly situated to him regularly worked over-time hours, but were not paid time and one half compensation for same.

18. As a result of Defendant's intentional willful and unlawful acts in refusing to pay Plaintiff and those similarly situated to him time and one half their regular rate of pay for each hour worked in excess of 40 hours per week, in one or more work week, Plaintiff and those similarly situated to him has suffered damages, plus incurred reasonable attorney's fees and costs.

19. As a result of Defendant's violation of the FLSA, Plaintiff and those similarly situated to him are entitled to liquidated damages.

20. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff and those similarly situated to him demand Judgment against Defendants for payment of all over-time hours and one and one half the regular rate of pay for the hours worked for which Defendants did not property compensate them, liquidated damages, reasonable attorney's fees and costs incurred in this action, and any other such relief as the Court deems just and proper.

## COUNT III

21. Plaintiff realleges paragraphs 1 through 7 and 9 above. This Court has jurisdiction of this claim pursuant to its pended jurisdiction provided by 29 USC Sec. 1367.

22. At the time of his employment, Plaintiff was paid an hourly wage. Defendant has failed and refused to pay Plaintiff the hourly wage that he is entitled to in that Defendant failed to properly calculate the work day hours from the time leaving the Perry Roofing Contractors yard and returning to the yard, and for other situations where the Defendant arbitrarily reduced the number of hours that the Plaintiff worked. Pursuant to Florida Statute 440.08 the Plaintiff is entitled to an award of costs and reasonable attorneys' fees for bringing this action. Plaintiff demands a trial by Jury.

23 Plaintiff demands a Judgment against Defendants for the payment of unpaid time, reasonable attorneys' fees, costs incurred in bringing this action, a trial by jury, and for such other relief as the court deems just and proper.

CLIVE N. MORGAN, P.A.

_____
Clive N. Morgan
Florida Bar No. 357855
6712 Atlantic Boulevard
Jacksonville, FL. 32211
(904) 727-9300
Attorney for Plaintiff